

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 19, 1971

Hon. Joe Resweber
County Attorney
Harris County
Houston, Texas

Opinion No. M-795

Re: Whether a person who
has been convicted of
a felony but whose
sentence has been pro-
bated may be issued a
voter registration
certificate.

Dear Mr. Resweber:

In your recent opinion request addressed to this office you ask the following question:

Whether a person who has been convicted of a felony but which sentence has been probated may be issued a voter registration certificate.

Article VI, Section 1, Constitution of Texas, provides in part as follows:

"The following classes of persons shall not be allowed to vote in this state, to wit:

" . . .

"Fourth: All persons convicted of any felony, subject to such exceptions as the Legislature may make."

This constitutional provision was implemented by the Legislature in Article 5.01 of the Election Code of the State of Texas, which provides in pertinent part:

"The following classes of persons shall not be allowed to vote in this state:

" . . .

"4. All persons convicted of any felony
except those restored to full citizenship
and right of suffrage or pardoned."

Article 42.12 of the Code of Criminal Procedure of
Texas deals with probation in felony cases and provides
authority for the suspending of sentences and the plaoing
on probation of defendants convicted of felonies under certain
prescribed circumstances. Section 7 of Article 42.12
provides:

"Sec. 7. At any time, after the defendant
has satisfactorily completed one third of the
original probationary period or two years of
probation, whichever is the lesser, the period
of probation may be reduced or terminated by the
court. Upon the satisfactory fulfillment of the
conditions of probation, and the expiration or
the period or probation, the court, by order
duly entered, shall amend or modify the original
sentence imposed, if necessary, to conform to
the probation period and shall discharge the
defendant. In case the defendant has been
convicted or has entered a plea of guilty or
a plea of nolo contendere, and the court has
discharged the defendant hereunder, such court
may set aside the verdict or permit the defendant
to withdraw his plea, and shall dismiss the
accusation, complaint, information or indictment
against such defendant, who shall thereafter
be released from all penalities and disabilities
resulting from the offense or crime of which he
has been convicted or to which he has pleaded
guilty, except that proof of his said conviction
or plea of guilty shall be made known to the
court should the defendant again be convicted
of any criminal offense."

It seems clear that the court in which the conviction
was had must affirmatively take the action contemplated
by Section 7 before a defendant is " . . . released from
all disabilities resulting from the offense . . . of which
he has been convicted. . . ." (Emphasis ours) This includes
the release : a the disability of not being permitted
to vote. See Attorney General's Opinion Nos. M-640 (1970)
and V-278 (1947).

Accordingly, until the trial court sets aside the verdict or permits the withdrawal of the plea of guilty and dismisses the "accusation, complaint, information or indictment", the defendant cannot vote in Texas and a voter registration certificate should not be issued to him.

It is generally held in other states that a conviction of a felony is such a "disability" as would bring about a disqualification to vote.  149 A.L.R. 1075, and cited authorities.

### S U M M A R Y

A voter registration certificate should not be issued to one convicted of a felony and placed on probation until the court in which the conviction was had has set aside the complaint, information or indictment as authorized by §7 of Article 42.12, Code of Criminal Procedure of Texas.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Lonny F. Zwiener
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Roger Tyler
Pat Bailey
Bob Lattimore
James Quick

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant